## Commonwealth v. Beasley et al.

*Criminal law — Conspiracy — Automobiles — Use of learner's permit to obtain operator's license—Constitutional law—Act of April 27, 1925.*

A conspiracy to obtain an operator's license through impersonation of the holder of a learner's permit will be quashed, inasmuch as section 10 of the Act of April 27, 1925, P. L. 254, which makes such a proceeding a misdemeanor, is unconstitutional.

Motion to quash indictment. Q. S. Dauphin Co., Sept. Sess., 1924, No. 102.

*Robert T. Fox,* District Attorney, for plaintiff.

*E. E. Beidleman* and *P. A. Kunkel,* for defendants.

HARGEST, P. J., Dec. 17, 1926.—The defendants are indicted for conspiring among themselves "to obtain an operator's license from the Department of Highways of the Commonwealth of Pennsylvania to operate a motor-vehicle, by then and there having the aforesaid Charles C. Smith unlawfully and fraudulently represent himself to be Genaeffo Modisto, who was then and there the holder of a learner's permit issued by the Department of State Highways of the Commonwealth of Pennsylvania, with the unlawful, wilful and malicious intent to violate the laws of the Commonwealth of Pennsylvania.

The Act of April 27, 1925, P. L. 254, purports to amend section 10 of the Act of June 30, 1919, P. L. 678, which latter act relates to the use, regulation and registration of motor-vehicles. In an opinion filed herewith, in the case of Com. *v.* Smith, 8 D. & C. 702, we have held that section 7 of the Act of 1925, which purports to amend section 10 of the Act of 1919, is unconstitutional, in that no intention to thus amend the Act of 1919 is clearly expressed in the title. The Act of 1925, by the purported amendment of section 10 of the Act of 1919, for the first time made it an offence to impersonate the holder of a learner's permit. Since that part of the Act of 1925 is unconstitutional, it follows that there is no law of the State of Pennsylvania which makes such impersonation an offence. This indictment charges a conspiracy with "intent to violate the laws of the Commonwealth of Pennsylvania." If it had charged a conspiracy to defraud the Commonwealth of Pennsylvania, a different question would have arisen. But since it charges a conspiracy in the matter of impersonation as to the holder of a learner's permit, which consists of an "intent to violate the laws of the Commonwealth," and there being no law to violate in impersonating the holder of a learner's permit, it follows that this indictment must be quashed.

Now, Dec. 17, 1926, the indictment charging Coleman T. Beasley, Giovanni Di Santo and Charles C. Smith with conspiracy is hereby quashed.

From Homer L. Kreider, Harrisburg, Pa.